Spring *v.* Reed.    Harris *v.* Cook.

LUCIUS L. SPRING, executor, &c., of Gardiner Spring, deceased,

*v.*

FRANCIS H. REED and others.

———

Bill to foreclose.    On final hearing on pleadings and proofs.

———

LYDIA C. HARRIS and others

*v.*

MARTIN R. COOK and others.

1. The unauthorized cancellation of record of a mortgage by the clerk or register, without the knowledge or consent of the mortgagee, will not affect the rights of the latter under the mortgage, even as against

Harris *v.* Cook.

a *bona fide* purchaser of the mortgaged premises with notice of the mortgage, though he has no notice that the cancellation was unauthorized, and presumed, from the certificate of cancellation, that the lien of the mortgage was extinguished.

2. A mortgage may be assigned by delivery merely.

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. W. P. Voorhees*, for complainants.

*Mr. A. T. McGill*, for defendants.

THE CHANCELLOR.

The only questions argued or presented to the court in this case are, whether the assignment under which the complainants hold their mortgage, to foreclose which the bill is filed, is valid; and whether that mortgage is valid as against the defendants, Cook and Bernheimer, who were *bona fide* purchasers for value, without notice of the existence of the mortgage, which, though unsatisfied, was cancelled of record when they purchased the property.   The case shows that the property belonged to John Manning; that the mortgage was given by him to his sister, Mrs. Laughton, to secure a loan of $1,000 with interest thereon; that she, with her husband's assent, assigned it to the Misses Bloodgood, by an assignment in writing, which describes it merely as " the annexed indenture of mortgage;" but the mortgage was not annexed to it, nor was the mortgage recorded with the assignment, though it had previously been duly recorded; that the mortgage which is dated August 19th, 1858, and recorded in the office of the clerk of the county of Middlesex, where the land is, on the 20th of the same month, was cancelled of record on the 7th of May, 1868, although it had not been paid or satisfied.   It further appears, that in 1871, the mortgagor obtained a loan from George Buchanan on the security of mortgage of the property, and that the attorney of the latter, before the loan was

Harris *v.* Cook.

made, searched the records to ascertain the state of the title and whether the property was free from encumbrance, and assumed from the certificate of cancellation of the mortgage that it had been duly cancelled of record. Buchanan lent the money, taking a mortgage on the property for security. In or about 1875 he instituted suit in this court to foreclose his mortgage. He did not make anybody a party to the suit in respect of the complainants' mortgage. At the sale under the foreclosure, Cook and Bernheimer bought the property. They had no notice, and neither had Buchanan, except from the record, of the existence of the complainants' mortgage. The complainants were not aware that their mortgage had been cancelled of record until after the purchase by Cook and Bernheimer had been completed. Their mortgage, as before stated, had not been paid or satisfied. It had not been receipted. It was never cancelled nor redeemed; nor was it produced in the clerk's office to be cancelled at the time when it was cancelled of record; nor was it produced there at all, but the cancellation was entirely without their knowledge, and was not due to any negligence on their part, nor is any laches imputable to them.

No equity has arisen against them in favor of Cook and Bernheimer by reason of their conduct in the premises. The action of the clerk in cancelling the mortgage of record was without warrant or authority, and was therefore of no effect. His false certificate, while it misled those who examined the record in respect to the property, did not satisfy nor extinguish the mortgage nor in anywise affect its validity, and it cannot affect the rights of the lawful owners of the mortgage. *Trenton Banking Co.* v. *Woodruff*, 1 *Gr. Ch.* 117. Those who take title to property on which a mortgage has been given, and of which they have notice, may effectually guard themselves against being misled by such certificate, if false, by requiring proof that the mortgage has in fact been satisfied or extinguished. Cautiousness will protect them. But what vigilance, short of constant watch, would protect the mortgagee against the making of the false

certificate of cancellation, if he were to be held to be bound by it.

The fact that Cook and Bernheimer are *bona fide* purchasers, for valuable consideration, will not, under the circumstances, give them any equity against the complainants. The equity of the complainants is superior to theirs. The assignment of the mortgage is valid. It would have been so had it been merely by delivery of the mortgage to the assignee. The complainants are entitled to a decree in foreclosure and sale.